ACCEPTED
03-14-00665-CV
6564923
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/19/2015 2:24:46 PM
JEFFREY D. KYLE
CLERK

**Case No. 03-14-00665-CV**

_____

IN THE COURT OF APPEALS FOR THE
THIRD JUDICIAL DISTRICT
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/19/2015 2:24:46 PM
JEFFREY D. KYLE
Clerk

_____

ERIC DRAKE

*Plaintiff - Appellant,*

**vs.**

KASTL LAW FIRM P.C., ET. AL.

*Defendants - Appellees.*

_____

On Appeal from the 200th District Court, Travis County
Case No. D-1-GN-14-001215

## APPELLEE'S RESPONSE IN OPPOSITION TO APPELLANT'S MOTION TO RECUSE

TO THE HONORABLE COURT OF APPEALS:

COMES NOW Seana Willing, Appellee herein, and files this Response in Opposition to Appellant's Motion to Recuse, which was filed by Appellant Eric Drake ("Appellant") on August 13, 2015, and would respectfully show this Court the following:

# I.
# PROCEDURAL BACKGROUND

On April 7, 2015, this Court, having received briefing from parties, denied oral argument and determined that this case would be decided on submission.

The case is set for submission on briefs on August 27, 2015.

On August 13, 2015, Appellant filed a motion to recuse three justices of this Court.

This is a delaying tactic and the motion to recuse should be denied.

# II.
# RESPONSE TO APPELLANT'S MOTION TO RECUSE

"A party seeking recusal must satisfy a 'high threshold' before a judge must be recused." *Ex parte Ellis*, 275 S.W.3d 109, 115–17 (Tex.App.-Austin 2008), citing *Liteky v. United States*, 510 U.S. 540, 558, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (Kennedy, J., concurring). The movant's "burden is only satisfied when the movant provides facts demonstrating the presence of bias or partiality 'of such a nature and extent as to deny the movant due process of law.' " *Id.*, at 117. (citations omitted).

Conclusory statements, conjecture, or mere assertions of bias will not satisfy the burden or overcome the presumption of impartiality. *Id.*

Appellant's Motion to Recuse is not based on any specific factual assertion of a bias, only his unsupported conclusory statements, conjecture, and mere assertions of bias.

For example, in attempting to recuse Chief Justice Rose, Appellant's reasoning consists solely of Appellant's statement that he "does not believe" that Chief Justice Rose can be unbiased in determining a legal matter, solely because "[a]t one time he was an assistant Attorney General" and Appellant does not like Assistant Attorneys General. (Motion to Recuse, ¶ 2).

Appellant's reasoning related to Justice Goodwin is even more speculative, as Appellant's sole suggestion is that he "believes that it is reasonable that Justice Goodwin have white friend judges…" (Motion to Recuse, ¶ 3).

Appellant also seeks recusal of Justice Puryear "because he at one time was an assistant Attorney General." (Motion to Recuse, ¶ 4). Justice Puryear is apparently not on the panel of judges who would be determining this matter anyway.

None of these conclusory assertions support Appellant's assertions of bias.

Rather, this motion to recuse, like his contemporaneous filing in which he threatens litigation against the spouses, children, and other relatives of the Justices (Appellant's Response to the Court's Inquiry Regarding Jurisdiction, filed August

13, 2015, ¶ 4), is just another vexatious litigation tactic[1] employed by Appellant, who also tried to recuse Justices of this Court with similar logic after his petition for mandamus was denied. *See In re Drake*, Cause No. 03-14-00583-CV, in the Third Court of Appeals of Texas. (Motion filed September 26, 2014 and denied on October 14, 2014).

Because there is no basis in fact or law for Appellant's Motion for Recusal, that motion should be denied.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Defense
Litigation

ANGELA V. COLMENERO
Chief–General Litigation Division

/s/ Scot M. Graydon
Scot M. Graydon
Assistant Attorney General
State Bar No. 24002175

---

[1] One week before Appellant filed these documents, in an unpublished opinion, the United States Court of Appeals for the Fifth Circuit upheld the federal equivalent of a vexatious litigant finding, "pre-filing sanctions based on Drake's abusive filing history…" *See Drake v. Navstar* Intern. Corp., Cause No. No. 14–51240, 2015 WL 4646361 *2 (5th Cir. - August 6, 2015)(Emphasis added).

Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 - facsimile

*ATTORNEYS FOR APPELLEE SEANA WILLING*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent via *regular mail* and *certified mail, return receipt requested* on August 19, 2015 to:

Eric Drake
PO Box 833688
Richardson, Texas 75083
*Pro Se* Appellant

/s/ Scot M. Graydon
**Scot M. Graydon**
Assistant Attorney General